IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T[1]

(Judge George W. Miller)

CENCAST SERVICES, L.P. ET AL,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

AMENDED ANSWER AND COUNTERCLAIM IN NO. 02-1925 T

Defendant, the United States, through its attorneys, in answer to the complaint in Fed. Cl. No. 02-1925 T, and for its counterclaim, respectfully denies each and every allegation contained therein not expressly admitted below.

Defendant further:

1. Admits that the first and second sentences of paragraph 1 of the complaint set forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff. Admits that plaintiff filed claims for refund for the alleged overpayments of FICA and FUTA taxes on April 22, 2002, with respect to all four quarters of

[1]By order dated January 7, 2003, proceedings in these related cases were consolidated. The plaintiff in Fed. Cl. No. 02-1925 T is Screenpay, Inc.

1991 (FICA) and for calendar year 1991 (FUTA) and admits that copies of those claims are attached to the complaint. Admits that the alleged claims for refund have been disallowed.

2. States that jurisdiction, if it exists, is founded upon 28 U.S.C. § 1491.

3-4. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 4 of the complaint.

5. Admits that plaintiff's employer identification number is 95-4096141 and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Admits that paragraph 7 of the complaint sets forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff.

8. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Admits the allegations set forth in paragraph 9 of the complaint, except denies that the alleged return for the quarter ending December 31, 1991, was timely filed.

10. Admits that the amounts of taxes assessed per the alleged returns were paid no later than the respective due dates thereof.

11. Admits the allegations set forth in paragraph 11 of the complaint, except denies that the alleged return was timely filed.

12. Admits that the amount of taxes assessed per the alleged return was paid no later than the due date thereof.

13-14. Admits the allegations set forth in paragraphs 13-14 of the complaint.

15. Admits the allegations set forth in paragraph 15 of the complaint, except states that the alleged payment was made on November 14, 2001.

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Admits the allegations set forth in paragraph 17 of the complaint, except states that the alleged payment was made on November 14, 2001.

18. Denies the allegations set forth in paragraph 18 of the complaint.

19. Admits the allegations set forth in paragraph 19 of the complaint, except states that the alleged payment was made on November 14, 2001.

20. Denies the allegations set forth in paragraph 20 of the complaint.

21. Admits the allegations set forth in paragraph 21 of the complaint, except states that the alleged payment was made on November 14, 2001, and states that a further payment in the amount of $11,236.64 was made on February 21, 2002.

22. Admits that on April 22, 2002, plaintiff filed a claim for refund with the IRS with respect to FICA taxes and for penalties and interest with respect thereto for the four quarters of 1991.

23. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint.

24-25. Admits the allegations set forth in paragraphs 24-25 of the complaint.

26. Admits the allegations set forth in paragraph 26 of the complaint, except states that the alleged payment was made on November 14, 2001.

27. Admits the allegations set forth in paragraph 27 of the complaint, except states that the alleged claim for refund was filed on April 22, 2002.

28. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint.

COUNT ONE

29. Incorporates by reference its responses to paragraphs 1 through 28 of the complaint as if more fully set forth at length.

30-33. Denies the allegations set forth in paragraphs 30-33 of the complaint.

34. Admits the allegations set forth in the first sentence of paragraph 34 of the complaint and states that the remaining allegations set forth in paragraph 34 are legal argument to which no response is required.

35-36. States that the allegations set forth in paragraphs 35-36 are legal argument to which no response is required.

37. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraphs 15 and 16 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 37 of the complaint. Denies the allegations set forth in the second sentence of paragraph 37 of the complaint.

38-40. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 38-40 of the complaint.

COUNT TWO

41. Incorporates by reference its responses to paragraphs 1 through 40 of the complaint as if more fully set forth at length.

42-45. Denies the allegations set forth in paragraphs 42-45 of the complaint.

46. Admits the allegations set forth in the first sentence of paragraph 46 of the complaint and states that the remaining allegations set forth in paragraph 46 are legal argument to which no response is required.

47-48. States that the allegations set forth in paragraphs 47-48 are legal argument to which no response is required.

49. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraphs 17 and 18 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 49 of the complaint. Denies the allegations set forth in the second sentence of paragraph 49 of the complaint.

50-52. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50-52 of the complaint.

COUNT THREE

53. Incorporates by reference its responses to paragraphs 1 through 52 of the complaint as if more fully set forth at length.

54-57. Denies the allegations set forth in paragraphs 54-57 of the complaint.

58. Admits the allegations set forth in the first sentence of paragraph 58 of the complaint and states that the remaining allegations set forth in paragraph 58 are legal argument to which no response is required.

59-60. States that the allegations set forth in paragraphs 59-60 are legal argument to which no response is required.

61. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified paragraphs 19 and 20 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficent to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 61 of the complaint. Denies the allegations set forth in the second sentence of paragraph 61 of the complaint.

62-64. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 62-64 of the complaint.

COUNT FOUR

65. Incorporates by reference its responses to paragraphs 1 through 64 of the complaint as if more fully set forth at length.

66-69. Denies the allegations set forth in paragraphs 66-69 of the complaint.

70. Admits the allegations set forth in the first sentence of paragraph 70 of the complaint and states that the remaining allegations set forth in paragraph 70 are legal argument to which no response is required.

71-72. States that the allegations set forth in paragraphs 71-72 of the complaint are legal

argument to which no response is required.

73. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraph 21 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 73 of the complaint. Denies the allegations set forth in the second sentence of paragraph 73 of the complaint.

74-76. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 74-76 of the complaint.

COUNT FIVE

77. Incorporates by reference its responses to paragraphs 1 through 76 of the complaint as if more fully set forth at length.

78-81. Denies the allegations set forth in paragraphs 78-81 of the complaint.

82. Admits the allegations set forth in the first sentence of paragraph 82 of the complaint and states that the remaining allegations set forth in paragraph 82 are legal argument to which no response is required.

83-84. States that the allegations set forth in paragraphs 83-84 of the complaint are legal argument to which no response is required.

85. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraph 26 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 85 of the complaint. Denies the allegations set forth in the second sentence of paragraph 85 of the complaint.

86-89. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 86-89 of the complaint.

FIRST AFFIRMATIVE DEFENSE

90. States that plaintiff is estopped from contending that the statute of limitations barred the IRS from making the assessments described in plaintiff's complaint and referenced above.

SECOND AFFIRMATIVE DEFENSE

91. States that plaintiff ratified the consents executed with respect to the extensions of the statute of limitations for the assessments described in plaintiff's complaint and referenced above, with the result that the assessments were made within the appropriate statute of limitations.

COUNTERCLAIM

92. This counterclaim is brought at the request and authorization of the Chief Counsel of the Internal Revenue Service (as the delegate of the Secretary of the Treasury) and under the direction of the Chief of the Court of Federal Claims Section (as the delegate of the Attorney General) pursuant to the provisions of § 7401 of the Internal Revenue Code of 1986.

COUNT I

93. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $9,473.30 with respect to the quarter ending March 31, 1991.

94. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 93, above, in the amounts of $13,318.29 in accrued interest, $947.33 in failure to deposit penalties, and $1,894.66 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

95. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 93 and 94, above, is liable to the defendant for the unpaid balances thereof in the total amount of $21,572.41, plus additions thereto of penalties and interest accruing according to law.

COUNT II

96. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $18,667.78 with respect to the quarter ending June 30, 1991.

97. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 96, above, in the amounts of $29,495.43 in accrued interest, $1,866.78 in failure to deposit penalties, and $3,733.56 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

98. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 96 and 97, above, is liable to the defendant for the unpaid balances thereof in the total amount of $50,036.45, plus additions thereto of penalties and interest accruing according to law.

COUNT III

99. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $45,953.00 with respect to the quarter ending September 30, 1991.

100. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 99, above, in the amounts of $69,427.26 in accrued interest, $4,595.30 in failure to deposit penalties, and $9,190.60 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

101. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 99 and 100, above, is liable to the defendant for the unpaid balances thereof in the total amount of $128,537.32, plus additions thereto of penalties and interest accruing according to law.

COUNT IV

102. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $95,597.22 with respect to the quarter ending December 31, 1991.

103. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 102, above, in the amounts of $138,201.77 in accrued interest, $9,559.72 in failure to deposit penalties, $19,119.44 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and $77.59 in failure to pay penalties.

104. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 102 and 103, above, is liable to the defendant for the unpaid balances thereof in the total amount of $249,159.46, plus additions thereto of penalties and interest accruing according to law.

COUNT V

105. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount

of $1,026,023.59 with respect to calendar year 1991.

106. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 105, above, in the amounts of $1,483,288.84 in accrued interest, $102,602.36 in failure to deposit penalties, and $205,204.72 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

107. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 105 and 106, above, is liable to the defendant for the unpaid balances thereof in the total amount of $2,809,025.19, plus additions thereto of penalties and interest accruing according to law.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, that judgment be entered against plaintiff and in favor of the defendant upon defendant's counterclaim in the total amount of $3,258,330.83, plus penalties and interest thereon according to law, and for such other and further relief as is just and proper.

Respectfully submitted,

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: 202-616-3366
Facsimile: 202-514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section
s/Mary M. Abate
Of Counsel